UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JODI FOREN,

                Plaintiff,

v.                                                                                 Case No. 23-cv-00095-bhl

LBC OPTICS INC and WISCONSIN VISION INC,

                Defendants.

_____

## ORDER DENYING MOTION TO DISMISS
_____

        Plaintiff Jodi Foren alleges that, on April 11, 2022, her doctor diagnosed her with a serious health condition that required her to take time off work pursuant to the Family and Medical Leave Act of 1993 (FMLA). Foren also alleges that when she notified her joint employers, Wisconsin Vision, Inc. (WVI) and LBC Optics, Inc. (LBCO), and attempted to assert her FMLA rights, they initially approved her leave, only to then abruptly deny further leave and terminate her employment. WVI and LBCO have moved to dismiss, insisting that Foren's five-page complaint fails to provide them sufficient notice of her claims. Because the complaint plausibly alleges violations of the FMLA, Defendants' motion will be denied.

### FACTUAL BACKGROUND[1]

        Foren is a resident of New Berlin, Wisconsin. (ECF No. 1 ¶6.) Defendants WVI and LBCO are Wisconsin corporations with principal places of businesses in New Berlin. (*Id.* ¶7.) WVI and LBCO are joint employers in hiring, firing, supervising, scheduling, compensation, and record-keeping of employees. (*Id.* ¶9.) Both companies were covered by the FMLA at the time of the events alleged in the complaint. (*Id.* ¶16.)

        Foren began working for WVI and LBCO on August 26, 2020 and had a "good job performance" resulting in offers to transfer to new positions as of March 2022. (*Id.* ¶¶8, 10.) Then, on April 11, 2022, Foren's doctor diagnosed her with multiple serious health conditions that required her to take a leave of absence from her job. (*Id.* ¶11.) Foren was entitled to leave under

---

[1] The Factual Background is derived from Foren's complaint, ECF No. 1, the allegations in which are presumed true for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

the FMLA, so Foren's doctor provided WVI and LBCO with a certification for FMLA leave for April 11 through May 11, 2022. (*Id.* ¶¶12, 17.)

Initially, WVI and LBCO approved Foren's leave for April 11 and 12. (*Id.* ¶13.) But, on April 13, WVI and LBCO changed course and denied Foren's leave request, telling her that she had "failed to provide notice 30 days in advance or as soon as practicable." (*Id.* ¶14.) The same day, WVI and LBCO terminated Foren's employment effective April 8. (*Id.* ¶15.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

The FMLA provides rights to eligible employees with serious health conditions. An employee with a serious health condition that renders the employee unable to perform his or her jobs is entitled to twelve workweeks of leave every twelve months. 29 U.S.C. § 2612(a)(D). The statute also gives an employee the right to sue if an employer interferes with an employee's attempt to exercise her FMLA rights or retaliates against her for asserting those rights. *Id.* § 2615(a)–(b).

Foren asserts claims for both FMLA interference and retaliation. WVI and LBCO argue Foren's complaint must be dismissed because she has failed to adequately plead her claims. But Foren has done what the pleading standard requires; she has stated a claim for FMLA interference and retaliation that is plausible on its face. Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Because Foren has done just that, the motion to dismiss must be denied.

## I. Foren Has Sufficiently Alleged an FMLA Interference Claim.

To state an FMLA interference claim, Foren needs to allege that: (1) she was eligible for FMLA's protections; (2) WVI and LBCO were covered by FMLA; (3) Foren was entitled to leave under FMLA; (4) Foren provided sufficient notice of her leave; and (5) WVI and LBCO denied her FMLA benefits to which she was entitled. *See Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006). Foren's complaint hits all of these points. She alleges she was employed by WVI and LBCO from August 26, 2020 through April of 2022, the defendants were covered by the FMLA, she was entitled to FMLA leave after being diagnosed with a serious health condition by her doctor, she provided the defendants notice of her leave, and yet they denied her benefits. (ECF No. 1 ¶¶8, 11–17.)

WVI and LBCO nevertheless insist that Foren has failed to allege sufficient factual detail to support her FMLA interference claim. In search of a quick termination of this litigation, they accuse her of merely parroting the elements of her claim. (ECF No. 7 at 4.) They first complain that Foren's complaint does not include sufficient detail supporting her status as an FMLA eligible employee. (*Id.*) They highlight that eligible employees are limited to those who are employed at a worksite where fifty or more employees are employed by the employer within seventy-five miles of that worksite. (*Id.*); 29 U.S.C. § 2611(2)(B)(ii); 29 C.F.R. § 825.110(a)(3); *Collins v. Midwest Med. Recs. Ass'n*, No. 07-CV-437, 2007 WL 7166826, at *1 (E.D. Wis. Oct. 5, 2007). Eligible employees also must have been employed by the employer for at least twelve months and have worked at least 1,250 hours in the previous year. 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(a)(2). Defendants suggest that because Foren has not alleged the specific number of people employed by Defendants or the number that work withing seventy-five miles of the worksite, she has failed to state a claim.

Defendants misstate the basic rules of pleading, and their suggested approach would improperly bar many legitimately aggrieved FMLA plaintiffs from bringing an interference claim. Foren has provided notice of the basis for her claim by plausibly alleging facts that hit the elements of her claim. That is all that she is required to do. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's

factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

It is true that Foren's complaint does not delve deeply into the details that will be necessary to prove her claims. But that is not the test on a Rule 12(b)(6) motion. Foren must simply provide the defendant adequate notice of her claims. *See Brooks*, 578 F.3d at 581 (7th Cir. 2009) ("Rule [8(a)] reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court.") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Having done that here, Foren is entitled to take discovery to develop factual support for her allegations. Indeed, whether WVI and LBCO can be treated as a joint employer will almost certainly require evidence that no employee could reasonably be expected to possess.

Defendants similarly criticize Foren for not detailing the proof that the two companies are eligible employers for FMLA purposes. (ECF No. 7 at 5.) They note that the FMLA defines an employer as "any person engaged in commerce or in any industry or activity affecting commerce" if it "employs fifty or more employees for each working day" for at least twenty calendar workweeks. (*Id.*); 29 U.S.C. § 2611(4)(A)(i); 29 C.F.R. § 825.104. And the applicable regulations provide that corporations are generally treated as single employers and not separate establishments or divisions for FMLA purposes, and whichever legal entity employs the employee is the FMLA employer. 29 C.F.R. § 825.104(c). Where one corporation has an ownership interest in another corporation, the corporations are still treated as separate employers unless the employee can prove the entities satisfy either the joint employment test or the integrated employment test. *Id.* § 825.104(c)(1). Both the joint employment test and the integrated employment test require a "holistic approach" that must account for a variety of factors relating to how those corporations share or interchange employees and whether they have common management. *See id.* § 825.104(c)(2); § 825.106. Rule 8 does not require Foren to detail proof she does not yet have in order to plead her FMLA interference claim. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) ("The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.") (citation omitted). It would be far too high a bar to require a plaintiff to plead detailed facts supporting such allegations in order to proceed to discovery. This is a motion to dismiss, not one for summary judgment.

Defendants' remaining arguments, that Foren fails to sufficiently allege that she is entitled to leave due to a serious health condition and that she failed to provide proper notice, have even less merit. As to the former, the FMLA entitles eligible employees to leave when they have serious health conditions and defines a serious health condition as "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *Guzman v. Brown Cnty.*, 884 F.3d 633, 638 (7th Cir. 2018). Foren's complaint alleges that her doctor diagnosed her with "serious health conditions that required leave from work" on April 11, 2022. (ECF No. 1 ¶11.) She does not need to prove that serious health condition in her complaint. As to the latter, Foren alleges that she provided notice the day after being diagnosed. (ECF No. 1 ¶¶11–12.) The FMLA requires employees to provide notice to their employers that they likely have an FMLA-qualifying condition either thirty days before taking FMLA leave or whenever "is practicable." 29 U.S.C. § 2612(e)(1); 29 C.F.R. § 825.303(a); *Burnett*, 472 F.3d at 478. It is not an onerous requirement. *Burnett*, 472 F.3d at 478. Foren correctly observes that courts have "repeatedly upheld" as sufficient notice given the day after a diagnosis. (ECF No. 9 at 6–7.) The statute recognizes that the need to take FMLA leave is sometimes known in advance, sometimes not. When it is not, "it is expected that an employee will give notice to the employer within no more than one or two working days of learning of the need for leave." *Stevenson v. Hyre Elec. Co.*, 505 F.3d 720, 724 (7th Cir. 2007) (quoting 29 C.F.R. § 825.303(a)). Foren alleges she did just that. (*See* ECF No. 1 ¶¶11–12.)

## II. Foren Has Likewise Stated a Claim for FMLA Retaliation.

WVI and LBCO also seek dismissal of Foren's retaliation claim, arguing that because Foren has not successfully alleged a FMLA interference claim, she is precluded from a FMLA retaliation claim. (ECF No. 7 at 10.) "[T]he FMLA protects the 'attempt' to exercise a right, which can only mean (in contrast with the actual exercise of that right) that the FMLA protects an employee who asks for leave even though [s]he may not be eligible." *Reynolds v. Inter-Industry Conf. on Auto Collision Repair*, 594 F. Supp. 2d 925, 928–29 (N.D. Ill. 2009) (citing 29 U.S.C. § 2615(a)(1)). If the FMLA only protected the actual exercise of a right, that would allow an employer to "terminate an eleventh month-employee for simply requesting foreseeable leave . . . when that employer would be clearly prohibited from making that same decision a month later."

*Morkoetter v. Sonoco Prods. Co.*, 936 F. Supp. 2d 995, 999 (N.D. Ind. 2013) (quoting *Reynolds*, 594 F. Supp. 2d at 930). Fortunately for Foren, that is not the law.

To state a claim for FMLA retaliation, Foren must allege that (1) she engaged in a statutorily protected activity, (2) she suffered an adverse action, and (3) a causal link exists between the protected activity and the adverse action. *Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F. Supp. 2d 834, 838 (N.D. Ill. 2011) (citing *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011)). Foren's allegations concerning her attempt to exercise FMLA rights and her subsequent termination clearly satisfy the first two elements. And Foren alleges that after first granting her FMLA leave, Defendants abruptly changed course and terminated her—retroactive to a date before her diagnosis—after she provided them her notice of her need to take FMLA leave. (ECF No. 1 ¶¶13–15.) She further alleges that the termination was "motivated" by exercising her FMLA rights. (*See id.* ¶20.) These allegations are sufficient to state an FMLA retaliation claim. While Defendants argue that "suspicious timing, without more, is generally insufficient to support a reasonable inference of retaliation," (ECF No. 7 at 11); once again, at this stage of the proceedings, Foren has done enough to state an FMLA retaliation claim. *See Zedov v. Mr. Bult's Inc.*, 612 F. Supp. 3d 812, 820 (N.D. Ill. 2020) ("A plaintiff may raise suspicious timing but that alone is rarely sufficient to prevent *summary judgment*.") (emphasis added).

## CONCLUSION

For the reasons given above, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, (ECF No. 6), is **DENIED.**

Dated at Milwaukee, Wisconsin on June 1, 2023.

                                             s/ *Brett H. Ludwig*
                                             BRETT H. LUDWIG
                                             United States District Judge